# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **LINDA E. FREER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| **WAL-MART STORES, INC.,** | ) | Case No.  06-3285 |
| a Delaware corporation; | ) | |
| **JANE DOE,** an unidentified employee; and | ) | |
| **MICHAEL ANDERSON;** | ) | |
| | ) | |
| **Defendants.** | ) | |

# O R D E R

Plaintiff commenced this suit in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois.  Defendant filed a Notice for Removal (#1) removing the action to this court.  The basis for Federal jurisdiction was said to be 28 U.S.C. § 1332(a).  Defendant appropriately asserted the diverse citizenship of the parties and the jurisdictional prerequisite for amount in controversy.

Defendant filed its answer (#3) on December 6, 2006.  Thereafter, on December 19, 2006, Plaintiff filed a Motion for Leave to File Amended Complaint (#5).  In that motion, Plaintiff pointed out that the statute of limitations was about to expire on December 23, 2006. Accordingly, Plaintiff requested an expedited ruling.  On December 22, 2006, the Court granted the Motion for Leave to File an Amended Complaint (#5) and specified that the amended complaint may be filed instanter.  However, to protect the right of Defendant to object, the Court permitted Defendant to file objections to the motion and agreed that it would reconsider its ruling if objections were filed.  The Amended Complaint (#6) was then filed December 22, 2006.

On January 3, 2007, Defendant filed a Motion to Disqualify and Objection to First Amended Complaint (#7).  Defendant requested that the Court disqualify Attorney Gary L. Cline and the Law Firm of Rammelkamp Bradney, P.C. as attorneys for Plaintiff.  Despite its title, the

document made no specific objection to the amended complaint, nor any argument in opposition to its filing.

FED. R. CIV. P. 15(a) governs the amendment of pleadings. The rule reminds the Court that, "leave shall be freely given when justice so requires."

The Amended Complaint (#6) added two Defendants. One is the manager of the store in which Plaintiff claims to have been injured. The other is the individual employee who allegedly caused merchandise to fall on Plaintiff's head. If Plaintiff is not allowed to add these individuals, she will never be able to make a claim against them in connection with the matters described in the Amended Complaint. Consequently, it would be an injustice to deny Plaintiff an opportunity to assert such claims in the present action. After reconsideration, the Court now reaffirms its original decision. The Amended Complaint (#6) may stand as filed.

ENTER this 1st day of February, 2007.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE